UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRYANT HODGES and PEGGY COOPER          *     CIVIL ACTION

V.                                      *     NO. 05-5201

THE MOSAIC COMPANY d/b/a MOSAIC         *     SECTION "F"
PHOSPHATES COMPANY FORMERLY KNOWN
AS IMC-AGRICO COMPANY

ORDER AND REASONS

Before the Court is the defendant's motion for summary judgment.  For the following reasons, the motion is GRANTED.

Background

The defendant, Mosaic Company, entered into a Service Agreement with Brand Services Incorporated.  Under the terms of the contract, Brand agreed to install electrician scaffolding in the sulfuric manufacturing area of Mosaic's St. James plant.  The agreement also provided that Mosaic would qualify as the statutory employer of all of Brand's employees for purposes of the Louisiana Worker's Compensation Act.

Bryant Hodges and Peggy Cooper, the plaintiffs, were employees of Brand Scaffolding and were assigned to the Mosaic plant.  On August 8, 2005, while erecting scaffolding at Mosaic, the plaintiffs claim they were exposed to sulfuric acid and suffered various injuries.

1

Hodges and Cooper received worker's compensation benefits, including wages and medical expenses, from their employer, Brand Scaffolding.  Hodges and Cooper sued Mosaic under tort theories, stating that their injuries were the result of the "intentional actions, or the intentional neglect" by Mosaic and that Mosaic should be liable for "damages caused by the defendant's spoiliation of the subject gauge and valve."  Mosaic now moves for summary judgment, arguing that as the plaintiffs' statutory employer, it cannot be liable in tort to the plaintiffs under Louisiana law.

I.

Rule 56 of the Federal Rules of Civil Procedure instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.   See  id.   Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  Id. at 249-50 (citations omitted).  Summary judgment

is also proper if the party opposing the motion fails to establish an essential element of his case.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party.  See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).  Rather, she must come forward with competent evidence, such as affidavits or depositions, to buttress his claims.  Id.  Hearsay evidence and unsworn documents do not qualify as competent opposing evidence.  Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987).  Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

II.

Mosaic contends that the plaintiffs fail to state a cognizable cause of action upon which relief can be granted because Mosaic qualifies as the plaintiffs' statutory employer under the Louisiana Worker's Compensation Act.[1]  As the statutory employer of the

---

[1] The Louisiana Workers' Compensation Act, La. Rev. Stat. Ann. § 23:1021 (1998), et seq, provides:
> A. Except for the intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury ... for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages ... as against his employer ... for said injury....
> B. Nothing in this Chapter shall affect the liability of the employer ... resulting from an intentional act.

3

plaintiffs, Mosaic argues, the plaintiffs' sole remedy is worker's compensation benefits, and, thus, the plaintiffs' tort suit is subject to dismissal as a matter of law. As evidence of Mosaic's status as the plaintiffs' statutory employer, the defendant offers the Service Agreement entered into by Brand and Mosaic. The exclusive remedy provisions of the Act apply not only to the relationship between an employee and his direct employer, but also to the relationship between an employee and his "statutory employer." LA. REV. STAT. ANN. § 23:1061 (1998). Under this statute, a statutory employer/employee relationship can be created when the work provided by the immediate employer is included in contract between the principal and an entity other than the employee's immediate employer or where a written contract exists between the principal and the contractor that expressly recognizes the principal as the statutory employer of the contractor's employees. Id.

Here, the Service Agreement expressly identifies Mosaic as the statutory employer:[2]

> 6.13 Statutory Employer
> IMC and Contractor hereby agree that IMC be and hereby is designated as the statutory employer of Contractor's direct and statutory employees, pursuant to La. R.S. 23:1061(A)(3). IMC and Contractor further agree that the services required of Contractor and its direct and statutory employees pursuant to this Agreement, are an integral part of and essential to IMC's ability to generate goods, products and services.

Under Louisiana law, the contractual recognition of a statutory

---

[2] Mosaic is formally known as IMC-Agrico Company.

employer relationship between Mosaic and Brand Scaffolding creates a rebuttable presumption of the existence of such a relationship, which can only be overcome "by showing that the work is not not an integral part of or essential to the ability of the principal to generate that individual principle's goods, products, or services." LA. REV. STAT. ANN. § 23:1061.

The plaintiffs do not contest the provision in the Service Agreement, but instead attempt to rebut the presumption of the Mosaic's status as a statutory employer by arguing that the work they performed was not essential nor integral to Mosaic's ability to generate its goods, products, and services.  The record reflects that Mosaic kept rolling contracts with Brand Scaffolding, to erect scaffolding at various locations throughout the plant over a period of years to facilitate Mosaic engineers and other employees in the servicing and operation of the plant.  The work was apparently steady enough to assign Brand employees to the plant.[3]  The particular assignment that the plaintiffs were working on at the time of their injuries consisted of erecting scaffolding so that the Engineering and Instrumentation department could accomplish a project.

When deciding whether contracted work is integral or essential to the primary's ability to generate goods and services, "Louisiana courts have frequently found that certain work which is ancillary

---

[3]  Bryant Hodges had been assigned to Mosaic and had become well-known around the plant long enough to go by the nickname, "T-Pop."

to the statutory employer's operations is nevertheless essential to the ability of the statutory employer's operations." Ramos v. Tulane Univ. of La., 951 So.2d 1267, 1290 (La. App. 2007). The reasoning behind this decision rests in the view that "the legislature has specifically rejected a restrictive analysis [of La. Rev. Stat. Ann. 23:1061] in favor of a more liberal interpretation of the words 'integral' and 'essential.'" Id.; see also Smith v. Marathon Ashland Petroleum, L.L.C., 887 So.2d 613 (La. App. 2004). Indeed, this Court and the Fifth Circuit have also construed the statute liberally to find even the most peripheral tasks by a contractor for its statutory employer to be essential and integral to the employer's ability to generate its services. See Becker v. Chevron Chemical Co., 983 F.2d 44 (5th Cir. 1993)(holding that the contracted replacement of overhead walkways used to access hatches above storage tanks was an integral part of Chevron's business); Oliver v. Day & Zimmerman, 2006 U.S. Dist. LEXIS 6647 (E.D. La. Feb. 22, 2006)(holding that contracted provision of security services at an oil refinery was essential to the refinery's operations); Johnson v. Tenn. Gas Pipeline Co., 99 F. Supp. 2d 755 (E.D. La. 2000)(finding that contracted catering services on board an oil and gas compressor facility to be integral and essential to the statutory employer's ability to operate its oil and gas compressor facility).

The plaintiffs argue that whether or not a particular contracted activity constitutes a part of the trade or business of a principle must be decided on the particular facts of the case.

Lushute v. Diesi, 354 So.2d 179 (La. 1978).  But in liberally interpreting the statute and in light of the fact that the contract between Brand Scaffolding and Mosaic was long-term and significant enough to assign employees solely to perform work at the Mosaic plant, this Court finds that the contracted work performed by the plaintiffs was integral and essential to Mosaic's ability to generate its goods, products, and services.  Therefore, the plaintiffs have not rebutted the presumption that Mosaic was their statutory employer, and, therefore, Mosaic is immune from tort liability as a matter of law.

III.

The plaintiffs alleged in their complaint that Mosaic intentionally acted to injure them.  If this is the case, then the remedial limitations of the Louisiana Workers' Compensation Act would not apply and Mosaic could be liable in tort.  See LA. REV. STAT. ANN § 23:1032(B) (1998).  To constitute an intentional act, the employee must demonstrate that the employer either consciously desired the physical results of the particular conduct, or had knowledge that the physical results were substantially certain to follow such conduct.  Bazley v. Tortorich, 397 So.2d 475, 481 (La. 1981).  Although the record certainly does not reflect Mosaic's conscious desire to harm the plaintiffs, the plaintiffs argue that Mosaic had full knowledge that their injuries were substantially certain follow its failure to repair the leaking valve.

The plaintiffs' burden for showing the elements of an

employer's intentional act within the meaning of the statutory exception is exacting. In establishing the threshold for determining intentional torts for purposes of § 1032(B), the Supreme Court of Louisiana wrote:

> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.

Reeves v. Structural Preservation Sys., 731 So. 2d 208, 210 (La. 1999)(quoting Larson, 2A WORKMEN'S COMPENSATION LAW, § 68.13 (1989)).

The parties do not dispute the fact that the valve was observed leaking sulphuric acid and a work order was submitted on June 22, 2005. The record reflects that the repair project was delayed for approximately seven weeks, until the time of the accident, because other, more pressing or emergent projects were prioritized before the replacement of the leaking valve. The plaintiffs stress the fact that sulphuric acid is inherently dangerous; but a statutory employer's knowledge of the existence of hazardous materials alone is not enough under Reeves to establish an intentional tort.

The Court finds that Mosaic is the statutory employer of the plaintiffs. Because the plaintiffs have not presented competent evidence suggesting material issues of fact regarding Mosaic's alleged intentional acts, the plaintiffs are limited to the remedies of the Louisiana Workers' Compensation Act.

Accordingly, Mosaic's motion for summary judgment is GRANTED.[4] All claims against it are dismissed.

New Orleans, Louisiana, July 6, 2007.

_____
Martin L.C. Feldman
United States District Judge

---

[4] Because summary judgment has been granted in favor of Mosaic, the plaintiffs have no tort cause of action against Mosaic.  Therefore, the plaintiffs' last claim for damages based on Mosaic's alleged spoiliation of evidence is dismissed as moot.