UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BRYANT HODGES and PEGGY COOPER                CIVIL ACTION

v.                                             NO. 05-5201

THE MOSAIC COMPANY d/b/a                       SECTION "F"
MOSAIC PHOSPHATES COMPANY, FORMERLY
KNOWN AS IMC-AGRICO COMPANY

ORDER AND REASONS

Before the Court is the plaintiffs' motion for reconsideration.  For the reasons that follow, the motion is DENIED.

The facts of this case are outlined in the Court's Order of July 6, 2007, in which the Court granted the defendant's motion for summary judgment.  The Court found that Mosaic is the statutory employer of the plaintiffs; therefore, the plaintiffs are limited solely to the remedies of the Louisiana Workers' Compensation Act. The plaintiffs move the Court to reconsider this ruling, stating that their tort claim of spoliation of evidence should survive as a cause of action separate from their claims of negligence and intentional tort.

Although the Federal Rules of Civil Procedure do not recognize

1

a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (en banc).  On July 6, 2007, the Court granted the defendant's motion for summary judgment.  The Order was entered into the record on the same day. The plaintiff filed this motion on July 13.  Because the present motion for reconsideration was filed within ten days of entry of the Court's Order granting summary judgment and questions the correctness of the Court's ruling, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e).  See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367

F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a motion is an "extraordinary remedy."  Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004)).

In granting summary judgment, this Court analyzed the language in the plaintiff's initial complaint, considered the pleadings of the parties, including the exhibits and affidavits attached to the pleadings, and applied relevant case law to the facts.  The Court ruled that the plaintiffs have no cause of action for negligence apart from the remedies of the Louisiana Workers' Compensation Act because the defendant qualifies as the plaintiffs' statutory employer.  The plaintiffs also failed to present competent evidence suggesting material issues of fact regarding the defendant's alleged intentional acts, further limiting them to the exclusive remedies of the Act.  The Court recognizes that spoliation of evidence may stand alone at times as an independent cause of action in tort for economic damages; however, the facts of this case do not support such a claim.  The record does not reflect any indication that evidence was "lost by any negligence on the part of

3

the named defendant"; therefore, this Court, in agreement with Louisiana jurisprudence, "is not convinced that Louisiana state law creates a duty for defendants to preserve the evidence in dispute." <u>Williams v. Gen. Motors Corp.</u>, 607 So.2d 695 (La. App. 1992).

While the plaintiffs may disagree with this Court's finding that all causes of action in tort against the defendant are dismissed, the plaintiffs raise no new arguments and appear to desire to relitigate the same issues raised in the motion for summary judgment.  The plaintiff has not presented a mistake of law or fact that would entitle him to the extraordinary remedy that Rule 59 is designed to provide.

Accordingly,

IT IS ORDERED: that the plaintiffs' motion for reconsideration is DENIED.

New Orleans, Louisiana, August 20, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE